|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

SETH ROSENFELD,  )  Case No. 90-3576 MHP
            )  Case No. 85-1709 MHP
        Plaintiff,  )  Case No. 85-2247 MHP
            )
    v.        )
            )  [~~PROPOSED~~] **ORDER ON**
UNITED STATES DEPARTMENT OF  )  **PLAINTIFF'S RENEWED**
JUSTICE and FEDERAL BUREAU  )  **CHALLENGE REGARDING**
OF INVESTIGATION,    )  **ABSTRACT CARDS**
            )   **AS MODIFIED**
        Defendants.  )

On December 5, 2006, the Court denied without prejudice plaintiff's request for an order requiring the Federal Bureau of Investigation (FBI) to search for and release abstract cards for each subject of plaintiff's FOIA requests. Plaintiff repeated this request for abstract cards in "Plaintiff's Renewed Challenge Regarding Compliance with Settlement Agreement With Regard to Abstracts," which was filed on August 7, 2007. In their Response, defendants opposed the Renewed Challenge on various grounds, including the burdensome nature of the request, noting that abstract cards were generated prior to the FBI's use of automation equipment, cannot be searched electronically, and would need to be hand-searched.

At the hearing on September 11, 2007, after conferring, the Parties recited an agreement to resolve this dispute, subject to the entry of a court order setting forth the agreement.

The Court, having reviewed the Parties' competing drafts of a proposed order, hereby **ORDERS** as follows:

**TERMS AND CONDITIONS**

1. Plaintiff will submit a list of FBI file numbers (List) for a total of thirty files kept at FBI headquarters (Main Files) regarding any of the ten subjects that are set forth in the document attached hereto as Exhibit 1.

1    2. Commencing with the first Main File number on the List, the FBI will conduct a search of the boxes of abstract cards that are stored at the Federal Records Center located in Suitland, Maryland (Center), for abstract cards that are filed under that file number.

3. If the FBI is able to locate abstract cards for that Main File, the FBI will process and release non-exempt portions of such abstract cards.  If the FBI is not able to locate abstract cards for that Main File, the FBI will search for abstract cards for the next Main File on the List, until the FBI either locates abstract cards for twenty Main Files or searches for abstract cards for all thirty Main Files on the List, whichever occurs first.

4. The FBI will process and release the non-exempt portions of all abstract cards that it has located for up to twenty Main Files on the List, within six months of the date on which the FBI receives the List from plaintiff (Date of Receipt).  If the FBI locates and processes abstract cards for one or more of the Main Files on the List within three months of the Date of Receipt, the FBI will make an interim release of such abstract cards three months after the Date of Receipt.

5. The FBI provides no assurance that abstract cards for any specific Main File exist, or that the FBI will be able to locate such abstract cards.

6. The Parties agree that the FBI shall not be required to search for or release any other abstract cards regarding any subjects of plaintiff's FOIA requests.  Neither plaintiff nor his attorneys, on his behalf, will submit any FOIA request seeking such abstract cards, regarding any of Plaintiff's FOIA requests at issue in this case, or file any other pleading or motion seeking such abstract cards in any administrative or judicial proceeding.

7. Neither the Parties' agreement nor this Order shall constitute precedent for the FBI's processing of any other request.

SO ORDERED.

Dated this 23 day of October 2007     _____
                                       United States M[agistrate Judge]



IT IS SO ORDERED
AS MODIFIED
Judge Elizabeth D. Laporte

- 4 -